### No. 9980

### Orleans

---

### WEIR v. N. O. PUBLIC SERVICE INC., Appellant

---

(October 18, 1926.  Opinion and Decree.)
(November 29, 1926.  Rehearing Refused.)
(January 4, 1927.  Writs of Certiorari and Review denied by Supreme Court.)

---

(*Syllabus by the Court*)
1. **Louisiana Digest—Street and Interurban Railroads—Par. 25, 34; Negligence —Par. 41.**

In order to recover damages against a street car railway company for being run over and injured by one of its cars the plaintiff must establish negligence on the part of those in charge of the car.

Appeal from Civil District Court, Hon. Hugh C. Cage, Judge.

Action by Mrs. Lotta A. Weir against New Orleans Public Service, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Woodville & Woodville, of New Orleans, attorneys for plaintiff, appellee.

Benj. W. Kernan, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J.  Plaintiff was knocked down and injured by one of defendant's street cars; hence this suit.

She alleged that on November 29, 1922, at about 8:15 p. m., she was walking out upon the upper side of Nashville Avenue going towards the river; when she reached the corner of Hurst street she stopped and looked in both directions; upon said Hurst street the defendant company operates a double line of cars; she then saw a car going downtown on the track furthest from her nearest to the river, she saw a car below Nashville Avenue coming uptown upon the track nearest to her; that Nashville Avenue is a very wide street; that she proceeded to cross the track and was struck by said car; before she was safely across; that said car was running at an excessive rate of speed of thirty-five miles an hour, and due to said excessive rate of speed the motorman was not able to stop his car; that the motorman violated the rules of the company which required him to have his car under perfect control within 100 feet of a paved cross street; that the motorman gave no warning of his approach; that after striking her the car ran for more than 100 feet; that when she saw the car at some distance below Nashville Avenue she believes that it was traveling at a reasonable rate of speed which would have given her time to cross the track; that she suffered injuries to the extent of $10,000.00.

Defendant denies all the allegations of plaintiff's petition.  Further answering, it

averred that "the car was being prudently operated up Hurst street and was about to cross over Nashville Avenue when the said Mrs. Jefferson Davis Weir, without looking or listening for the approach of the car attempted to cross Hurst street at the upper side of Nashville Avenue; although the motorman sounded his gong and otherwise tried to attract her attention, she proceded to cross directly in front of the car and was struck. * * That if the plaintiff was injured as alleged in the petition her injury was due to her own careless, negligent and imprudent conduct in attempting to cross the track at a time when the car was so close upon her as hereinabove set forth, and in her failure to exercise that degree of care required by the circumstances then and there existing."

The case was tried by a jury who rendered a verdict of $3500.00, for which judgment was rendered against the defendant.

The defendant applied for a new trial. The trial judge in a lengthy written opinion reviewed the evidence and came to the conclusion that the plaintiff stepped in front of the uptown going car; that the motorman did all in his power to stop his car, without avail, and ran down the plaintiff. He expressed astonishment at the verdict of the jury, but refused the new trial on the ground that the case would have to go to the Court of Appeal.

The defendant appealed.

A reading of the testimony satisfies us that the trial judge was right.

The plaintiff testified that she had lived in New Orleans about thirty years; she left the St. Charles Avenue car on Nashville Avenue and walked along the upper side of Nashville Avenue towards Hurst street; when she reached Hurst street she looked down to see where the uptown car was, and she saw it a block away; she observed a car coming downtown at a short distance; there is not a foot of space between the curbing and the track that goes up, in the middle of which she was standing. She stepped upon and stood in the middle of the uptown track of the car going up waiting for the car going down to pass her; in less time than it takes to tell the car from downtown was upon her; she knew she was in danger when she saw the flash on her face; to go forward would have been death because that would throw her in front of the car going downtown, and in trying to throw herself back, that brought about a terrible gash in the back of her head.

It will be noticed that plaintiff's testimony as to the manner of the accident is in conflict with the allegations of her petition sworn to by her. In her petition she swears she walked across the track, while in her testimony she says she was standing in the middle of the track.

The plaintiff produced no other witness to the accident.

The defendant on the other hand produced several.

Walter C. Wright is the publisher of the Lumber Trade Journal; he got off a street car at St. Charles Avenue and Nashville Avenue; a lady followed him and he stepped aside to let her pass going towards the river; she got about twenty paces ahead of him; when she got to the curb on Hurst street he heard the clanging of a car bell; the lady tried to cross, which horrified him; she took two steps on the track with the car approaching, and then one step back out of the track, but not enough to avoid the fender striking her, and as the car passed he called to the con-

ductor and told him the car had struck a lady.

Walter H. Egerton testified; he is a member of the firm of Grelle-Egerton Engraving Company; he was present when the accident occurred; he was in front of his residence on the opposite side of the street at No. 1505 Nashville Avenue, corner of Hurst, lower wood corner; he heard a great ringing of car bells; he turned and noticed the form of a woman on the first rail; she swerved back and the car struck her, and he walked into his residence and telephoned to the Touro as he felt there must have been an accident.

William Treadway, the motormon, testified; he first saw the lady on the edge of the curbing; he rang his gong; and when he noticed the lady going across the street in his track in front of his car, and another car coming down and she was about to step into the side of the car coming down about the third window, and when she saw the car she stepped back in the uptown track right in front of his car, and as she did he applied the brakes and pulled the reverse and dropped the fender, and the left side of his fender struck her around the ankle and threw her back upon the fender.

In the presence of the testimony of these three witnesses, we are forced to the conclusion that no negligence has been shown on the part of the motorman, and that on the contrary the plaintiff's negligence has brought upon herself the accident and its consequences.

It is therefore ordered that the judgment herein be reversed and set aside and that there now be judgment in favor of the defendant rejecting plaintiff's demand at her cost in both courts.